UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERY LATOUCHE,

                               Petitioner,

         -against-

ACTING SUPERINTENDENT M. KOPP,

                               Respondent.

23-CV-8695 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Petitioner Valery LaTouche, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his November 15, 2005 conviction in the County Court, Rockland County. For the following reason, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

       Court's records show that Petitioner previously filed a Section 2254 *habeas corpus* petition challenging the same state court conviction, which was denied on the merits. *See LaTouche v. Graham*, No. 10-CV-1388, Doc. 44 (S.D.N.Y. Mar. 8, 2013), *report & recommendation adopted*, 2013 WL 5323499 (S.D.N.Y. Sept. 23, 2013), *appeal dismissed*, No. 13-3720 (2d Cir. Mar. 13, 2014), *cert. denied*, 137 S. Ct. 2131 (2017). Because that petition was denied on the merits, the present Section 2254 petition challenging the same conviction is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 132-33 (2d Cir. 2002).

       Before a second or successive Section 2254 petition is filed in a federal district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for

permission to pursue this second or successive Section 2254 *habeas corpus* petition.[1] In the interest of justice, the Court transfers this Section 2254 to the Court of Appeals for the Second Circuit as a second or successive Section 2254 petition. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

## CONCLUSION

The Court transfers this action to the United States Court of Appeals for the Second Circuit as a second or successive Section 2254 petition. This order closes this action in this court. If the Second Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen this action under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 4, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

---

[1] Any motion to the Second Circuit must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable," § 2244(b)(2)(A), or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(i)-(ii).